1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-2594-CRB
    _____    )
21  This document relates to           )   **PFIZER INC., PHARMACIA
                                       )   CORPORATION, AND G.D.**
22  ANNA W. JONES,                     )   **SEARLE, LLC'S ANSWER TO
                                       )   COMPLAINT**
23          Plaintiff,                 )
                                       )
24      vs.                            )   **JURY DEMAND ENDORSED
                                       )   HEREIN**
25  PFIZER, INC., PHARMACIA CORPORATION,)
    and G.D. SEARLE LLC,               )
26                                     )
            Defendants.                )
27  _____    )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5                                          **I.**

6                          **PRELIMINARY STATEMENT**

7          The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8  Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9  Defendants may seek leave to amend this Answer when discovery reveals the specific time

10  periods in which Plaintiff was prescribed and used Bextra®.

11                                         **II.**

12                                      **ANSWER**

13              **Response to Allegations Regarding Parties**

14  1.      Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15  deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

16  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27  and deny the remaining allegations in this paragraph of the Complaint.

28  2.      Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

4    business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

5    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

6    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

7    Bextra® in the United States, including the States of California and Arkansas,  to be prescribed

8    by healthcare providers who are by law authorized to prescribe drugs in accordance with their

9    approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in

10   interest" are vague and ambiguous.  Defendants are without knowledge or information to form

11   a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the

12   remaining allegations in this paragraph of the Complaint.

13   4.      Defendants admit that Searle is a Delaware limited liability company with its principal

14   place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

15   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

16   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

17   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18   deny the remaining allegations in this paragraph of the Complaint.

19   5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

20   business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

21   marketed and co-promoted Bextra® in the United States, including the States of California and

22   Arkansas, to be prescribed by healthcare providers who are by law authorized to prescribe

23   drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's

24   allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are

25   without knowledge or information to form a belief as to the truth of such allegations, and,

26   therefore, deny the same.  Defendants deny the remaining allegations in this Paragraph of the

27   Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Response to Allegations Regarding Jurisdiction and Venue**

6.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the States of California and Arkansas, and deny the remaining allegations in this paragraph of the Complaint.

9.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including the States of California and Arkansas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit that they do business in the State of Texas.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

10.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and,

2    therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

3    Complaint.

4    15.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants are without knowledge or information sufficient to form a belief as to the truth of

9    the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10    Defendants deny remaining the allegations in this paragraph of the Complaint.

11    16.    Defendants are without knowledge or information sufficient to form a belief as to the

12    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

13    Defendants state that Bextra® was and is safe and effective when used in accordance with its

14    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

15    were and are adequately described in its FDA-approved prescribing information, which was at

16    all times adequate and comported with applicable standards of care and law.  Defendants deny

17    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint..

18    17.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

19    damage, and deny the remaining allegations in this paragraph of the Complaint.

20    18.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

21    damage, and deny the remaining allegations in this paragraph of the Complaint.

22    19.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

23    steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

24    and effective when used in accordance with its FDA-approved prescribing information.

25    Defendants state that the potential effects of Bextra® were and are adequately described in its

26    FDA-approved prescribing information, which was at all times adequate and comported with

27    applicable standards of care and law.  Defendants deny the remaining allegations in this

28    paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    20.    The allegations in this paragraph of the Complaint are not directed toward Defendants

2    and, therefore, no response is required.    To the extent a response is deemed required,

3    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

4    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

5    form a belief as to the truth of such allegations and, therefore, deny the same.

6    21.    The allegations in this paragraph of the Complaint are not directed toward Defendants

7    and, therefore, no response is required.    To the extent a response is deemed required,

8    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

9    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

10   form a belief as to the truth of such allegations and, therefore, deny the same.

11   22.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

12   Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

13   of such allegations and, therefore, deny the same.

14   23.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

15   vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

16   the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

17   conduct and deny the remaining allegations in this paragraph of the Complaint.

18   24.    Plaintiff does not allege having used Celebrex® in this Complaint.    Nevertheless,

19   Defendants admit that Celebrex® was launched in the United States in February 1999.

20   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

21   FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

22   Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

23   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

24   with their approval by the FDA.    Defendants admit that, during certain periods of time,

25   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

26   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

27   providers who are by law authorized to prescribe drugs in accordance with their approval by the

28   FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

1    directed toward Defendants and, therefore, no response is required. To the extent a response is

2    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

3    allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants

4    therefore lack sufficient information or knowledge to form a belief as to the truth of such

5    allegations and, therefore, deny the same. Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    25.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

8    on January 15, 2001. Defendants admit, as indicated in the package insert approved by the

9    FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

10   and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

11   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

12   ambiguous. Defendants are without knowledge or information to form a belief as to the truth of

13   such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in

14   this paragraph of the Complaint.

15   26.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

16   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

17   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

18   arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining

19   allegations in this paragraph of the Complaint.

20   27.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

21   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

22   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny

23   the remaining allegations in this paragraph of the Complaint.

24   28.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

25   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

26   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state

27   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

28   prescribing information. Defendants state that the potential effects of Bextra® were and are

_Gordon & Rees, LLP_
_275 Battery Street, Suite 2000_
_San Francisco, CA 94111_

1    adequately described in its FDA-approved prescribing information, which at all times was

2    adequate and comported with applicable standards of care and law.  Defendants deny the

3    remaining allegations in this paragraph of the Complaint.

4    29.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which at all times was adequate and comported with applicable standards of care and law.

8    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

9    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

10    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

11    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

12    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

13    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

14    with their approval by the FDA.    Defendants state that Plaintiff's allegations regarding

15    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

16    information to form a belief as to the truth of such allegations, and, therefore, deny the same.

17    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18    the Complaint.

19    30.    Defendants state that the referenced article speaks for itself and respectfully refer the

20    Court to the article for its actual language and text.  Any attempt to characterize the article is

21    denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

23    this paragraph of the Complaint.

24    31.    The allegations in this paragraph of the Complaint are not directed towards Defendants

25    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

26    state that the referenced article speaks for itself and respectfully refer the Court to the article for

27    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

28    the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    32.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA
2    on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November
3    16, 2001.   Defendants deny any wrongful conduct and the remaining allegations in this
4    paragraph of the Complaint.

5    33.    Defendants state that Bextra® was and is safe and effective when used in accordance
6    with its FDA-approved prescribing information.  Defendants state that the potential effects of
7    Bextra® were and are adequately described in its FDA-approved prescribing information,
8    which at all times was adequate and comported with applicable standards of care and law.
9    Defendants deny the allegations in this paragraph of the Complaint.

10   34.    Defendants state that Bextra® was and is safe and effective when used in accordance
11   with its FDA-approved prescribing information.   Defendants deny the allegations in this
12   paragraph of the Complaint.

13   35.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and
14   respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to
15   characterize the Talk Paper is denied.   Defendants deny the remaining allegations in this
16   paragraph of the Complaint.

17   36.    Defendants state that the referenced article speaks for itself and respectfully refer the
18   Court to the article for its actual language and text.  Any attempt to characterize the article is
19   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20   37.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug
21   approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without
22   sufficient information to confirm or deny such allegations and, therefore, deny the same.
23   Defendants state that the referenced study speaks for itself and respectfully refer the Court to
24   the study for its actual language and text.  Any attempt to characterize the study is denied.
25   Defendants deny the remaining allegations in this paragraph of the Complaint.

26   38.    The allegations in this paragraph of the Complaint are not directed towards Defendants
27   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants
28   state that the referenced article speaks for itself and respectfully refer the Court to the article for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint.

2    47.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    48.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants deny the allegations in this

7    paragraph of the Complaint.

8    49.    Defendants state that the referenced article speaks for itself and respectfully refer the

9    Court to the article for its actual language and text.  Any attempt to characterize the article is

10   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

11   paragraph of the Complaint.

12   50.    The allegations in this paragraph of the Complaint are not directed towards Defendants

13   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

14   state that the referenced article speaks for itself and respectfully refer the Court to the article for

15   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

16   the remaining allegations in this paragraph of the Complaint.

17   51.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny the allegations in this paragraph of the Complaint.

22   52.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

27   allegations in this paragraph of the Complaint.

28   53.    Defendants state that Bextra® was and is safe and effective when used in accordance

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-12-

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

55.     The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

2    paragraph of the Complaint.

3    57.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

5    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

6    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

7    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

8    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Bextra® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.   Defendants deny the remaining allegations in this

14   paragraph of the Complaint.

15   58.    Defendants state that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Bextra® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

20   deny the remaining allegations in this paragraph of the Complaint.

21   59.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

22   Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

23   that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

24   actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

25   that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

26   referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

27   language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

28   transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

respectfully refer the Court to the transcripts for their actual language and text. Any attempt to characterize the transcripts is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that the referenced press release speaks for itself and respectfully refer the Court to the press release for its actual language and text. Any attempt to characterize the press release is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that the referenced press release speaks for itself and respectfully refer the Court to the press release for its actual language and text. Any attempt to characterize the press release is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

1    applicable standards of care and law. Defendants admit, as indicated in the package insert

2    approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

3    of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

4    dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

5    63.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information. Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which at all times was adequate and comported with applicable standards of care and law.

9    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

10   ambiguous. Defendants are without knowledge or information to form a belief as to the truth of

11   such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny

12   that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

13   64.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

15   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

16   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

17   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

18   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

20   effective when used in accordance with its FDA-approved prescribing information. Defendants

21   state that the potential effects of Bextra® were and are adequately described in its FDA-

22   approved prescribing information, which was at all times adequate and comported with

23   applicable standards of care and law. Defendants deny the remaining allegations in this

24   paragraph of the Complaint.

25   65.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information. Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which at all times was adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    66.     Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    67.     Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   68.     Defendants deny the allegations in this paragraph of the Complaint.

15   69.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

17   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

19   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

20   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Bextra® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   70.     Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    same.  Defendants state that the referenced press releases speak for themselves and respectfully

2    refer the Court to the press releases for their actual language and text.   Any attempt to

3    characterize the press releases is denied.  Defendants state that Bextra® was and is safe and

4    effective when used in accordance with its FDA-approved prescribing information.  Defendants

5    state that the potential effects of Bextra® were and are adequately described in its FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    71.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the

11   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Bextra® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

16   and deny the remaining allegations in this paragraph of the Complaint.

17   72.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

22   allegations in this paragraph of the Complaint.

23   73.    Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

74.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

77.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

78.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

duties. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

81.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

82.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

84.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

85.     The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  damage, and deny the remaining allegations in this paragraph of the Complaint.

2  88.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3  damage and deny the remaining allegations in this paragraph of the Complaint.

4  89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

5  damage, and deny the remaining allegations in this paragraph of the Complaint.

6  **Response to Second Cause of Action: Strict Liability**

7  90.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8  Complaint as if fully set forth herein.

9  91.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

11  Defendants admit that Bextra® was expected to reach consumers without substantial change in

12  the condition from the time of sale.  Defendants state that Bextra® was and is safe and effective

13  when used in accordance with its FDA-approved prescribing information.  Defendants state that

14  the potential effects of Bextra® were and are adequately described in its FDA-approved

15  prescribing information, which was at all times adequate and comported with applicable

16  standards of care and law.  Defendants deny that Bextra® is defective or unreasonably

17  dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all

18  subparts.

19  92.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny the allegations in this paragraph of the Complaint.

24  93.    Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    allegations in this paragraph of the Complaint.

2    94.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

7    allegations in this paragraph of the Complaint.

8    95.    Defendants state that this paragraph of the Complaint contains legal contentions to

9    which no response is required.  To the extent that a response is deemed required, Defendants

10   are without knowledge or information sufficient to form a belief as to the truth of the

11   allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants

12   state that Bextra® was and is safe and effective when used in accordance with its FDA-

13   approved prescribing information.  Defendants state that the potential effects of Bextra® were

14   and are adequately described in its FDA-approved prescribing information, which was at all

15   times adequate and comported with applicable standards of care and law.  Defendants deny that

16   Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

17   paragraph of the Complaint, including all subparts.

18   96.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

20   Defendants state that Bextra® was and is safe and effective when used in accordance with its

21   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

22   were and are adequately described in its FDA-approved prescribing information, which was at

23   all times adequate and comported with applicable standards of care and law.  Defendants deny

24   that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

25   paragraph of the Complaint.

26   97.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28   Defendants state that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

99.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

2  certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

3  tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

4  healthcare providers who are by law authorized to prescribe drugs in accordance with their

5  approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective,

6  deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

7  paragraph of the Complaint.

8  102.    Defendants state that Bextra® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny the remaining allegations in this paragraph of the Complaint.

13  103.    Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is deemed required.    To the extent a response is deemed required,

15  Defendants admit that they had duties as are imposed by law but deny having breached such

16  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  104.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

23  Defendants state that Bextra® was and is safe and effective when used in accordance with its

24  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

25  were and are adequately described in its FDA-approved prescribing information, which was at

26  all times adequate and comported with applicable standards of care and law.  Defendants deny

27  the remaining allegations in this paragraph of the Complaint.

28  105.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

2   deny the remaining allegations in this paragraph of the Complaint.

3   106.     Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9   107.     Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

11  that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

12  paragraph of the Complaint.

13  108.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

14  damage, and deny the remaining allegations in this paragraph of the Complaint.

15  109.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

16  damage, and deny the remaining allegations in this paragraph of the Complaint.

17  110.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

18  damage, and deny the remaining allegations in this paragraph of the Complaint.

19            **Response to Third Cause of Action: Breach of Express Warranty**

20  111.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21  Complaint as if fully set forth herein.

22  112.     Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

24  Defendants state that Bextra® was and is safe and effective when used in accordance with its

25  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

26  were and are adequately described in its FDA-approved prescribing information, which was at

27  all times adequate and comported with applicable standards of care and law.  Defendants admit

28  that they provided FDA-approved prescribing information regarding Bextra®.  Defendants

1  deny the remaining allegations in this paragraph of the Complaint.

2  113.    Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4  Defendants state that Bextra® was and is safe and effective when used in accordance with its

5  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

6  were and are adequately described in its FDA-approved prescribing information, which was at

7  all times adequate and comported with applicable standards of care and law.  Defendants admit

8  that they provided FDA-approved prescribing information regarding Bextra®.    Defendants

9  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

10  114.    Defendants deny the allegations in this paragraph of the Complaint.

11  115.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants admit that they provided FDA-approved prescribing information regarding

16  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  116.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that they provided FDA-approved prescribing information regarding

22  Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

23  the Complaint.

24  117.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

26  Defendants admit that they provided FDA-approved prescribing information regarding

27  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28  118.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    119.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

8    that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

9    paragraph of the Complaint.

10    120.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

11    damage, and deny the remaining allegations in this paragraph of the Complaint.

12    121.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

13    damage, and deny the remaining allegations in this paragraph of the Complaint.

14    122.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

15    damage, and deny the remaining allegations in this paragraph of the Complaint.

16    **Response to Fourth Cause of Action: Breach of Implied Warranty**

17    123.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

18    Complaint as if fully set forth herein.

19    124.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

21    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

23    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

24    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

26    paragraph of the Complaint.

27    125.    Defendants admit that they provided FDA-approved prescribing information regarding

28    Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-28-
ANSWER TO COMPLAINT – 3:07-cv-2594-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

2    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state

3    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

4    prescribing information. Defendants deny the remaining allegations in this paragraph of the

5    Complaint.

6    126.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

9    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

10   arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12   127.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14   Defendants state that Bextra® was and is safe and effective when used in accordance with its

15   FDA-approved prescribing information. Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   128.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

19   Defendants state that Bextra® was expected to reach consumers without substantial change in

20   the condition from the time of sale. Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   129.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

24   Defendants state that Bextra® was and is safe and effective when used in accordance with its

25   FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   130.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information. Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

135.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

136.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint, including all subparts.

4   138.    Defendants state that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10  139.    Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Bextra® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

15  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

16  140.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  141.    Defendants deny any wrongful conduct and deny the remaining allegations in this

23  paragraph of the Complaint.

24  142.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

26  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27  the Complaint.

28  143.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  144.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint.

8  145.    Defendants deny any wrongful conduct and deny the remaining allegations in this

9  paragraph of the Complaint.

10  146.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

12  Defendants state that Bextra® was and is safe and effective when used in accordance with its

13  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

14  were and are adequately described in its FDA-approved prescribing information, which was at

15  all times adequate and comported with applicable standards of care and law.  Defendants deny

16  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17  147.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint.

23  148.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

25  that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

26  paragraph of the Complaint.

27  149.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    150.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    151.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    **Response to Sixth Cause of Action: Unjust Enrichment**

6    152.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

7    Complaint as if fully set forth herein.

8    153.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

10   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

11   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

12   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

13   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

14   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

15   paragraph of the Complaint.

16   154.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

18   Defendants deny the remaining allegations in this paragraph of the Complaint.

19   155.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   156.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

24   Defendants state that Bextra® was and is safe and effective when used in accordance with its

25   FDA-approved prescribing information.   Defendants deny the remaining allegations in this

26   paragraph of the Complaint.

27   157.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    158.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    ### Response to Prayer for Relief

5    Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

6    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

7    and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

8    ### III.

9    ### GENERAL DENIAL

10    Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

11    Complaint that have not been previously admitted, denied, or explained.

12    ### IV.

13    ### AFFIRMATIVE DEFENSES

14    Defendants reserve the right to rely upon any of the following or additional defenses to

15    claims asserted by Plaintiff to the extent that such defenses are supported by information

16    developed through discovery or evidence at trial.  Defendants affirmatively show that:

17    ### First Defense

18    1.    The Complaint fails to state a claim upon which relief can be granted.

19    ### Second Defense

20    2.    Bextra® is a prescription medical product.  The federal government has preempted the

21    field of law applicable to the labeling and warning of prescription medical products.

22    Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

23    federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

24    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

25    and violate the Supremacy Clause of the United States Constitution.

26    ### Third Defense

27    3.    At all relevant times, Defendants provided proper warnings, information and

28    instructions for the drug in accordance with generally recognized and prevailing standards in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    existence at the time.

2    **Fourth Defense**

3    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

4    Bextra® conformed to the generally recognized, reasonably available, and reliable state of

5    knowledge at the time the drug was manufactured, marketed and distributed.

6    **Fifth Defense**

7    5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

8    applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

9    **Sixth Defense**

10    6.    Plaintiff's action is barred by the statute of repose.

11    **Seventh Defense**

12    7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

13    negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by

14    Plaintiff should be diminished accordingly.

15    **Eighth Defense**

16    8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

17    omissions on the part of Defendants.    Rather, said loss is due to the acts or omissions on the

18    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

19    liable in any way.

20    **Ninth Defense**

21    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

22    intervening causes for which Defendants cannot be liable.

23    **Tenth Defense**

24    10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were

25    proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

26    of God.

27    **Eleventh Defense**

28    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-2594-CRB

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's and Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiff's and Decedents' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.     Plaintiff's and Decedents' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiff's and Decedents' alleged injuries/damages, if any, were the result of

ANSWER TO COMPLAINT – 3:07-cv-2594-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint was at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California and Arkansas, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of California and Arkansas.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied

2    with applicable law, or conduct that was not directed, or did not proximately cause harm, to

3    Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and

4    proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

5    damages, if any; (5) permits jury consideration of net worth or other financial information

6    relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

7    court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

8    sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

9    satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

10    *Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S.

11    443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut.*

12    *Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

13

14    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

15    and marketing of Bextra®, if any, used in this case, included adequate warnings and

16    instructions with respect to the product's use in the package insert and other literature, and

17    conformed to the generally recognized, reasonably available, and reliable state of the

18    knowledge at the time the product was marketed.

### Fortieth Defense

19

20    40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

21    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

22    the time of the sale.

### Forty-first Defense

23

24    41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

25    belief, such injuries and losses were caused by the actions of persons not having real or

26    apparent authority to take said actions on behalf of Defendants and over whom Defendants had

27    no control and for whom Defendants may not be held accountable.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiff's misrepresentation allegations are not stated with the degree of particularity

1    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2    **Fifty-fifth Defense**

3    55.    Defendants state on information and belief that the Complaint and each purported cause

4    of action contained therein is barred by the statutes of limitations contained in California Code

5    of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

6    as may apply.

7    **Fifty-sixth Defense**

8    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

9    by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

10   conduct of persons or entities other than Defendants.   Therefore, Plaintiff's recovery against

11   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

12   **Fifty-seventh Defense**

13   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

14   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15   Code § 3294, and, therefore, any award of punitive damages is barred.   Any claim for punitive

16   damages is also barred under California Civil Code § 3294(b).

17   **Fifty-eighth Defense**

18   58.    Defendants reserve the right to supplement their assertion of defenses as they continue

19   with their factual investigation of Plaintiff's claims.

20   **V.**

21   **PRAYER**

22   WHEREFORE, Defendants pray for judgment as follows:

23   1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

24   2.    That the Complaint be dismissed;

25   3.    That Defendants be awarded their costs for this lawsuit;

26   4.    That the trier of fact determine what percentage of the combined fault or other liability

27   of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries,

28   losses or damages is attributable to each person;

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

5.      That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

November 7, 2007                                      GORDON & REES LLP


                                                     By:_____/s/_____

                                                        Stuart M. Gordon
                                                        sgordon@gordonrees.com
                                                        Embarcadero Center West
                                                        275 Battery Street, 20th Floor
                                                        San Francisco, CA 94111
                                                        Telephone: (415) 986-5900
                                                        Fax: (415) 986-8054


November 7, 2007                                      TUCKER ELLIS & WEST LLP
                                                     .


                                                     By:_____/s/_____

                                                        Michael C. Zellers
                                                        michael.zellers@tuckerellis.com
                                                        515 South Flower Street, Suite 4200
                                                        Los Angeles, CA 90071-2223
                                                        Telephone: (213) 430-3400
                                                        Fax: (213) 430-3409

                                                        Attorneys for Defendants
                                                        PFIZER INC., PHARMACIA
                                                        CORPORATION, AND G.D. SEARLE
                                                        LLC

# JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC,  hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

November 7, 2007                                     GORDON & REES LLP


                                                     By:_____/s/_____

                                                     Stuart M. Gordon
                                                     sgordon@gordonrees.com
                                                     Embarcadero Center West
                                                     275 Battery Street, 20th Floor
                                                     San Francisco, CA  94111
                                                     Telephone:  (415) 986-5900
                                                     Fax:  (415) 986-8054

November 7, 2007                                     TUCKER ELLIS & WEST LLP


                                                     By:_____/s/_____

                                                     Michael C. Zellers
                                                     michael.zellers@tuckerellis.com
                                                     515 South Flower Street, Suite 4200
                                                     Los Angeles, CA 90071-2223
                                                     Telephone:  (213) 430-3400
                                                     Fax:  (213) 430-3409

                                                     Attorneys for Defendants
                                                     PFIZER INC., PHARMACIA
                                                     CORPORATION, AND G.D. SEARLE
                                                     LLC